WILLIAM W. HUCKINS (BAR NO. 201098)
E-Mail: whuckins@allenmatkins.com
MATTHEW D. PHAM (BAR NO. 287704)
E-Mail: mpham@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516

Attorneys for Creditor
677 Laurel Street Associates, LLC


FILED
OCT 11 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re<br><br>HICKAM HARBOR, LLC,<br><br>　　　Debtor and Debtor in Possession. | Case No. 2:23-bk-15131-WB<br><br>Chapter 11, Subchapter V<br><br>**CREDITOR 677 LAUREL STREET ASSOCIATES, LLC'S OBJECTION TO DEBTOR HICKAM HARBOR, LLC'S SECOND AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 FILED NOVEMBER 29, 2023**<br><br>Date:　November 7, 2024<br>Time:　10:00 a.m.<br>Ctrm:　1375<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |
|---|---|

Creditor 677 Laurel Street Associates, LLC ("677 Laurel") renews its prior objection to Debtor Hickam Harbor, LLC's ("Debtor") Second Amended Plan of Reorganization for Small Business Under Chapter 11 filed on September 6, 2024 ("Second Amended Plan") to the extent that the Second Amended Plan does not provide for payment of 677 Laurel's administrative rent claim under §§ 365(d)(3) and 507(a)(2) in full, in cash, on the effective date of the Plan. On January 3, 2024, 677 Laurel filed its Objection to Debtor's Amended Plan of Reorganization for Small Business Under Chapter 11 Filed November 29, 2023. 677 Laurel's prior objection is docketed as Doc. No. 79 in the case on the Court's docket and a copy of the objection is attached hereto as Exhibit 1 hereto. While Debtor has amended its plan of reorganization with the Second Amended

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4876-3796-2990.1

OBJECTION TO DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER 11

ORIGINAL

BY FAX

Plan, Debtor has not addressed 677 Laurel's objection or clarified the treatment of 677 Laurel's administrative rent claim under the Second Amended Plan. As such, 677 Laurel reasserts its objection to the Second Amended Plan, as set for in Exhibit 1 hereto. For the reasons discussed in 677 Laurel's objection, Debtor's Second Amended Plan cannot be confirmed unless and until it provides for the payment of 677 Laurel's administrative rent claim under §§ 365(d)(3) and 507(a)(2) in full, in cash, on the effective date of the Plan.

Dated: October 11, 2024

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Will W. Huckins
WILLIAM W. HUCKINS
Attorneys for Creditor
677 Laurel Street Associates, LLC

# EXHIBIT 1

|   |   |
|---|---|
| 1 | WILLIAM W. HUCKINS (BAR NO. 201098)<br>E-Mail: whuckins@allenmatkins.com |
| 2 | MATTHEW D. PHAM (BAR NO. 287704)<br>E-Mail: mpham@allenmatkins.com |
| 3 | ALLEN MATKINS LECK GAMBLE<br>MALLORY & NATSIS LLP |
| 4 | Three Embarcadero Center, 12th Floor<br>San Francisco, California 94111-4074 |
| 5 | Phone: (415) 837-1515<br>Fax: (415) 837-1516 |
| 6 | |
| 7 | Attorneys for Creditor<br>677 Laurel Street Associates, LLC |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No. 2:23-bk-15131-WB |
|---|---|
| HICKAM HARBOR, LLC, | Chapter 11, Subchapter V |
| Debtor and Debtor in Possession. | CREDITOR 677 LAUREL STREET ASSOCIATES, LLC'S OBJECTION TO DEBTOR HICKAM HARBOR, LLC'S AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 FILED NOVEMBER 29, 2023 |
| | Date: January 25, 2024<br>Time: 10:00 a.m.<br>Ctrm: 1375<br>255 East Temple Street<br>Los Angeles, CA 90012 |

## I. INTRODUCTION

Creditor 677 Laurel Street Associates, LLC ("677 Laurel") objects to Debtor Hickam Harbor, LLC's ("Debtor") Amended Plan of Reorganization for Small Business Under Chapter 11 filed on November 29, 2023 ("Plan") to the extent that the Plan does not provide for payment of 677 Laurel's administrative rent claim under §§ 365(d)(3) and 507(a)(2) in full, in cash, on the effective date of the Plan.

## II. BACKGROUND:

As of the petition date (i.e., August 10, 2023), Debtor, along with Edmund (Ted) Cutting, were tenants under a lease dated as of August 10, 2021, for certain retail premises consisting of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-9818-4855.1

OBJECTION TO DEBTOR'S AMENDED
PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

approximately 3,034 leasable square feet identified as Suite C at the real property located at 677 Laurel Street, San Carlos, California ("Lease"). The term of the Lease had a scheduled expiration date of April 30, 2030.

Debtor failed to assume or reject the Lease during Debtor's bankruptcy case prior to December 8, 2023 (i.e., 120 days after the petition date) when the Lease was rejected by operation of law under 11 U.S.C. § 365(d)(4). While Debtor and 677 Laurel had discussed a possible stipulation for rejection of the Lease, Debtor failed to execute the proposed stipulation for rejection, failed to file a motion for rejection of the Lease, and instead retained legal possession of the premises until the Lease was rejected by operation of law.

During Debtor's bankruptcy case prior to rejection of the Lease by operation of law on December 8, 2023, Debtor failed to pay rent and charges due under the Lease in the sum of $33,165.81, which administrative rent claim is entitled to priority under 11 U.S.C. §§ 365(d)(3) and 507(a)(2).

This factual background discussed in 677 Laurel's proof of claim filed in the case, a true and correct copy of which is attached as Exhibit 1 to the accompanying Declaration of William W. Huckins.

### III. DEBTOR'S PROPOSED PLAN:

Sections 3 and 4 of the Plan discuss the treatment of administrative expense claims, stating that each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full in cash on the effective date of the Plan, or upon such other terms as may be agreed upon by Debtor and the holder of such claim. *See* Section 3.02. Section 4.01 of the Plan then discusses Allowed Administrative Claims by reference to Professional fees and costs, which Debtor estimates to be approximately $149,000 of total estimated Allowed Administrative Claims of approximately $150,000. In other words, the Plan provides for the payment of allowed Professional fees and costs, but apparently makes no provision for the payment of 677 Laurel's administrative rent claim, which must be paid in full, in cash, on the effective date of the Plan, as discussed below.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-9818-4855.1

-2-

OBJECTION TO DEBTOR'S AMENDED
PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

IV. <u>ARGUMENT</u>:

    A.   <u>The Unpaid Post-Petition Rent and Charges Owed to 677 Laurel Constitutes an Administrative Rent Claim Under 11 U.S.C. § 365(d)(3) Entitled to Priority Under 11 U.S.C. § 507(a)(2)</u>

Bankruptcy Code § 365(d)(3) requires a debtor to timely perform all of its obligations arising after the petition date under an unexpired lease of nonresidential real property until the lease is assumed or rejected, notwithstanding Section 503(b)(1) of the Code. 11 U.S.C. § 365(d)(3). Ninth Circuit law has made clear that a landlord is entitled to a priority administrative rent claim for the full amount of the rent accrued and unpaid under the contract from the petition date through rejection of the lease, regardless of the actual value conferred by the lease upon the bankruptcy estate. *In re Pacific Atlantic*, 27 F.3d 401, 405 (1994); *see also In re Cukierman*, 265 F.3d 846, 851 (2001)(Section 365(d)(3) establishes a bright-line rule entitling landlords to a priority administrative rent claim for unpaid post-petition rent due under the lease). Like here, the trustee in *Pacific Atlantic* failed to assume or reject the lease, which was then rejected by operation of law under Section 365(d)(4). *Id.* at 403. In its holding, the Ninth Circuit expressly rejected the trustee's argument that the landlord's administrative rent claim conferred no benefit to the estate, finding that Section 365(d)(3) requires no such showing, nor does Section 365(d)(3) require any action by the landlord prior to rejection of the lease. *Id.* at 404-05.

Thus, under Section 365(d)(3) and well-established Ninth Circuit law, 677 Laurel is entitled to a priority administrative rent claim irrespective of allowance or benefit to Debtor's bankruptcy estate under Section 503, for the unpaid post-petition rent and charges due under the Lease until rejection.

    B.   <u>Debtor's Plan Cannot Be Confirmed Without Providing for Payment of 677 Laurel's Administrative Rent Claim in Full, in Cash on the Plan Effective Date.</u>

Under Bankruptcy Code § 1129(a)(9), unless the holder of a claim agrees to different treatment, a plan of reorganization must provide that the holder of a claim under Section 507(a)(2)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-9818-4855.1

-3-

OBJECTION TO DEBTOR'S AMENDED
PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

1 will receive cash equal to the allowed amount of such claim on the plan effective date. 11 U.S.C.
2 § 1129(a)(9)(A).

3 While Bankruptcy Code § 1191(e) provides that plans in small business cases may provide
4 for payment of claims of a kind specified under Sections 507(a)(2) and (3) over time and be
5 confirmed, case law interpreting Section 1191(e) has held that the provision does not apply to
6 administrative rent claims under Section 365(d)(3).

> Although new Bankruptcy Code section 1191(e) does permit payment of administrative expense claims under Section 503(b) through a plan (as opposed to the requirement for regular Chapter 11 cases that administrative expense claims be paid in full on the effective date of a plan, 11 U.S.C. § 1129(a)(9)(A)), the unpaid administrative rent here is not the type of administrative expense claim that would qualify for this treatment under Section 1191(e). Section 1191(e) specifically refers to claims of a kind specified in paragraphs (2) or (3) of Section 507(a). Section 507(a)(2) then refers to administrative expenses allowed under Section 503(b) (and Section 507(a)(3) refers to claims arising under Section 502(f) in involuntary cases, which is not applicable here). Nowhere in Section 503(b), however, is any mention of post-petition rent obligations. That is because a debtor's obligation to pay post-petition rent is governed solely by Section 365, not by Section 503(b). As such, even though new Section 1191(e) permits certain administrative expense claims to be paid out over the term of a plan, this provision undoubtedly does not apply to administrative rent.

17 *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 346 n. 82 (Bankr. S.D. Fla. 2020).

18 Thus, for Debtor's Plan to be confirmable, it must provide for the payment of 677 Laurel's
19 administrative rent claim to be paid in full, in cash, on the Plan effective date.

20 V. **CONCLUSION**

21 Based on the foregoing, Debtor's Plan cannot be confirmed unless and until it provides for
22 the payment of 677 Laurel's administrative rent claim under §§ 365(d)(3) and 507(a)(2) in full, in
23 cash, on the effective date of the Plan.

24 Dated: January 2, 2024

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ William W. Huckins

WILLIAM W. HUCKINS
Attorneys for Creditor
677 Laurel Street Associates, LLC

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-9818-4855.1 -4-

OBJECTION TO DEBTOR'S AMENDED
PLAN OF REORGANIZATION FOR SMALL
BUSINESS UNDER CHAPTER 11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Three Embarcadero Center, 12th Floor, San Francisco, CA 94111

A true and correct copy of the foregoing document entitled (*specify*): Creditor 677 Laurel Street Associates, LLC's Objection to Debtor Hickam Harbor, LLC's Amended Plan of Reorganization for Small Business Under Chapter 11 Filed November 29, 2023; Declaration of William W. Huckins in Support of Creditor 677 Laurel Street Associates, LLC's Objection to Debtor Hickam Harbor, LLC's Amended Plan of Reorganization for Small Business Under Chapter 11 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 3, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- James E. Till — james.till@till-lawgroup.com; martha.araki@tilllawgroup.com; myrtle.john@till-lawgroup.com; sachie.fritz@till-lawgroup.com
- Susan K Seflin (TR) — sseflin@bg.law; sks@bg.law; mailto:aquijano@bg.law; C192@ecfcbis.com; ecf@bg.law
- David P. Simonds — david.simonds@hoganlovells.com; tracy.southwell@hoganlovells.com
- US Trustee (LA) — ustpregion16.la.ecf@usdoj.gov
- Dare Law — dare.law@usdoj.gov; nancy.goldenberg@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 3, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**VIA OVERNIGHT MAIL**

| | | |
|---|---|---|
| Susan Seflin, Esq.<br>BG Law<br>21650 Oxnard St., Suite 500<br>Woodland Hills, CA 91367 | Office of the United States Trustee<br>Attn: Dare Law, Attorney<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 | James E. Till, Esq.<br>Till Law Group<br>120 Newport Center Drive<br>Newport Beach, CA 92660 |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2024 | Cynthia Lynch | /s/ Cynthia Lynch |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Three Embarcadero Center, 12th Floor, San Francisco, CA 94111

A true and correct copy of the foregoing document entitled (*specify*): <u>Creditor 677 Laurel Street Associates, LLC's Objection to Debtor Hickam Harbor, LLC's Second Amended Plan of Reorganization for Small Business Under Chapter 11 Filed November 29, 2023</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>October 11, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- James E. Till — james.till@till-lawgroup.com; martha.araki@tilllawgroup.com; myrtle.john@till-lawgroup.com; sachie.fritz@till-lawgroup.com
- Susan K Seflin (TR) — sseflin@bg.law; sks@bg.law; mailto:aquijano@bg.law; C192@ecfcbis.com; ecf@bg.law
- David P. Simonds — david.simonds@hoganlovells.com; tracy.southwell@hoganlovells.com
- US Trustee (LA) — ustpregion16.la.ecf@usdoj.gov
- Dare Law — dare.law@usdoj.gov; nancy.goldenberg@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>October 11, 2024</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**VIA OVERNIGHT MAIL**

| | | |
|---|---|---|
| Susan Seflin, Esq.<br>BG Law<br>21650 Oxnard St., Suite 500<br>Woodland Hills, CA 91367 | Office of the United States Trustee<br>Attn: Dare Law, Attorney<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 | James E. Till, Esq.<br>Till Law Group<br>120 Newport Center Drive<br>Newport Beach, CA 92660 |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2024 | Cynthia Lynch | /s/ Cynthia Lynch |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   **F 9013-3.1.PROOF.SERVICE**